IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

                OPINION AND ORDER

         Petitioner,

                18-cv-596-bbc

    v.

SECRETARY CATHY A. JESS[1],

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Stanley J. Maday, Jr. has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered on January 15, 2013, by the Circuit Court for Columbia County, Wisconsin, on three counts of first degree sexual assault of a child in Case No. 2011CF442. The petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 directs this court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the petition is not dismissed, then the judge must order a response from the state. When the court reviews a habeas petition for the first time, it evaluates whether petitioner has pleaded constitutional or federal law claims and whether petitioner has exhausted available state remedies. Further, the petition must cross "some threshold of plausibility" before the

---

[1] Petitioner is currently incarcerated in Springfield, South Dakota, serving a sentence imposed by the Circuit Court for Columbia County, Wisconsin. In previous litigation, the Wisconsin Department of Corrections has designated its secretary as the custodian for Wisconsin inmates serving their sentences in other states. The parties and the Clerk of Court should note this change to the case caption.

1

state will be required to answer. Harris v. McAdory, 334 F.3d 665, 669 (7th Cir. 2003); Dellenbach v. Hanks, 76 F.3d 820, 822 (7th Cir. 1996).

For the reasons that follow, I am dismissing most of the claims petitioner raises in his petition. However, I will give petitioner the opportunity to supplement his claims of ineffective assistance of counsel. If petitioner files a supplement by the deadline set forth below, I will consider whether to stay the petition under Rhines v. Weber, 544 U.S. 269 (2005), while petitioner completes exhaustion of his claims in state courts. Additionally, I am denying petitioner's request for court assistance in recruiting counsel.

BACKGROUND

In November 2011, petitioner was charged with three counts of first-degree sexual assault of a child, based on allegations that on three occasions he had sexually assaulted an eleven-year old girl who was a friend of his daughter. Petitioner pleaded not guilty and the case proceeded to trial by jury.

At trial, the prosecution called the child victim, K.L, and K.L.'s mother as witnesses. Petitioner's counsel called a social worker who had interviewed K.L. about her allegations at the request of police. The social worker described the forensic interview technique, called cognitive graphic interview, that she had used when interviewing K.L. about her sexual assault allegations. She testified that the cognitive graphic interview technique "is a way to insure that a child who has been coached does not continue with the false allegations." The prosecutor then asked the social worked whether "there was

2

any indication that [K.L.] had been coached in any way" or that she "was not being honest during her interview with you." Petitioner's counsel did not object and the social worker responded "No" to the prosecutor's questions.

Petitioner also testified. He read portions of his work records from his job as a sergeant at Columbia Correctional Institution in order to cast doubt on whether he was home at the times K.L. stated he assaulted her. On cross-examination, the prosecutor asked petitioner to read specific entries about job-related training sessions he attended for weapons training and use-of-force training. Defense counsel objected to the questioning as irrelevant, but withdrew the objection.

The jury found petitioner guilty on all three counts, and the circuit court sentenced petitioner to 25 years of initial confinement and 8 years of extended supervision on the first count, 15 years initial confinement and 8 years of extended supervision on the second count and 15 years of initial confinement and 8 years extended supervision on the third count. Petitioner was sent to a prison in South Dakota because the Wisconsin Department of Corrections concluded he would not be safe in a Wisconsin prison.

On October 23, 2014, petitioner filed a motion for postconviction relief. He argued that his trial counsel was ineffective for (1) failing to object to the social worker's testimony that she observed no indications of coaching or dishonesty from K.L.'s cognitive graphic interview, and (2) withdrawing an objection to the introduction of evidence of petitioner's job-related weapons and use-of-force training. The circuit court

denied the motion. The court of appeals reversed, holding that the social worker's testimony violated state law in that her testimony vouched for K.L.'s credibility, and that petitioner's counsel was ineffective for failing to object. State v. Maday, 2015 WL 6509465, 365 Wis. 2d 608, 871 N.W.2d 867. On April 5, 2017, the Wisconsin Supreme Court reversed the court of appeals' decision, holding that petitioner's counsel was not ineffective because the social worker's testimony was admissible under state law and there was no prejudice to introduction of evidence regarding petitioner's training in weapons and use of force. State v. Maday, 2017 WI 28, 374 Wis. 2d 164, 170, 892 N.W.2d 611.

In September 2017, petitioner filed a petition for a writ of habeas corpus with the Circuit Court for Columbia County. On January 24, 2018, the circuit court denied the motion on the ground that Columbia County was not the proper venue for a habeas petition because petitioner was not incarcerated in Columbia County. On May 29, 2018, petitioner filed a motion for postconviction relief under Wis. Stat. § 974.06 in circuit court in which he raised several challenges to his conviction. The circuit court has not yet ruled on petitioner's motion.

OPINION

Petitioner raises a number of claim. Before reaching the merits of those claims, I must consider whether petitioner has exhausted them.

A.  Exhausted Claim

It is well established that a prisoner seeking a writ of habeas corpus must exhaust his state remedies before seeking federal relief.  Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).  This exhaustion requirement has two components:  (1) the petitioner's claims must be exhausted, meaning that there is no remaining state court with jurisdiction to hear the claims; and (2) exhaustion must not be attributable to the petitioner's failure to comply with the state court system's procedural rules.  Johnson v. Foster, 786 F.3d 501, 504 (7th Cir. 2015); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

In this instance, the only claim included in the petition that petitioner presented to the Wisconsin Supreme Court was his claim that his trial counsel was ineffective for failing to object to the social worker's testimony regarding the credibility of the victim. The Wisconsin Supreme Court addressed the claim on the merits, concluding that petitioner could not show deficient performance under Strickland v. Washington, 466 U.S. 668, 694 (1984), because the social worker's testimony was admissible under state law.  State v. Maday, 2017 WI 28, ¶¶ 55, 59, 374 Wis. 2d 164, 892 N.W.2d 611. Therefore, petitioner's claim of ineffective assistance of trial counsel based on failure to object to the social worker's testimony has been exhausted.

However, this exhausted ineffective assistance of counsel claim is not one that can be considered.  This court cannot overturn the Wisconsin Supreme Court's conclusion that the social worker's testimony was admissible under *state* law.  Arnold v. Dittmann,

901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not cognizable on habeas review."). Because the Wisconsin Supreme Court concluded that the social worker's testimony was properly admitted under state law, petitioner cannot succeed on a federal claim that his counsel's failure to object to the testimony constituted ineffective assistance on his part. Hough v. Anderson, 272 F.3d 878, 898 (7th Cir. 2001) ("[Failing to object to admissible evidence cannot be a professionally 'unreasonable' action, nor can it prejudice the defendant against whom the evidence was admitted."). Therefore, petitioner's ineffective assistance of counsel claim based on counsel's failure to object to the social worker's testimony will be dismissed.

B. Unexhausted Claims

This leaves petitioner's five unexhausted claims (excluding that part of claim two relating to petitioner's claim that his counsel was ineffective in failing to object to the social worker's testimony). Petitioner concedes that he did not raise the majority of his claims until he filed his motion for collateral relief under Wis. State. § 974.06, which is still pending in the state circuit court. Ordinarily, if a petitioner files a federal habeas petition that includes claims he is currently litigating in state court, this court would dismiss the petition and instruct the petitioner to refile once his claims are exhausted. However, a district court is authorized to stay federal habeas proceedings and hold the petition in abeyance while the petitioner exhausts his remedies in state court if the petitioner is at risk of filing a late petition without the stay. Rhines v. Weber, 544 U.S.

269 (2005).  In this instance, it appears that petitioner has fewer than 60 days left on his habeas clock, meaning he would be at risk of filing a late petition without a stay.  (His conviction became final on July 4, 2017, which was the last day on which he could have filed a petition for a writ of certiorari with the United States Supreme Court.  His one-year habeas clock ran until he filed his § 974.06 petition, on approximately May 29, 2018.)

District courts should stay a habeas petition only if the petitioner shows that (1) he has good cause for his failure to exhaust his claims in state court and (2) his claims are not plainly meritless.  Rhines, 544 U.S. at 277.  Here, petitioner argues that his failure to raise his claims on direct appeal or in his first postconviction motion is the fault of his counsel's ineffective assistance and his own difficulty in gaining access to Wisconsin legal materials because of his out-of-state incarceration.  He has attached materials showing that he has made numerous attempts to obtain legal materials and challenge his conviction since his incarceration.  Thus, I assume that petitioner has shown good cause for his failure to exhaust his claims before filing his federal habeas petition.

In this instance, petitioner has not shown that his unexhausted claims have any potential merit.  The first of these unexhausted claims is one of "actual innocence," but this is not a stand-alone ground for habeas relief.  Perrone v. United States, 889 F.3d 898, 903 (7th Cir. 2018) ("[H]abeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim.").  See also Gladney v. Pollard, 799 F.3d 889, 895 (7th Cir. 2015).  "Actual innocence" may be a "gateway" through which a

7

habeas petitioner can "have his otherwise barred constitutional claim considered on the merits," Perrone, 889 F.3d at 903, but petitioner does not suggest in this case that he is relying on "actual innocence" to overcome a procedural bar. Therefore, this claim will be dismissed.

Petitioner's second unexhausted claim is that "newly discovered evidence" undermines the credibility of his accuser. He does not elaborate on the nature of the "newly discovered evidence," beyond saying that the evidence "relates to episodic memories and how they are formed by preferential encoding." Dkt. #1 at 9. However, this claim fails because the mere existence of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003). Such claims do not state a ground for federal habeas relief unless they relate to a constitutional violation. Id. Petitioner has identified no constitutional claim implicated by his "newly discovered evidence" regarding memory. Therefore, this claim will be dismissed.

Petitioner's third claim is that there was insufficient evidence to convict him. In evaluating a habeas claim based on insufficiency of the evidence, a federal court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Petitioner's only argument is that the evidence against him consisted solely of the victim's testimony, which was insufficient to convict him because she made inconsistent

statements.  This argument fails.  Petitioner has pointed to nothing in the victim's testimony that would render it "incredible" as a matter of law.  Further, it is the jury's job to sort out the types of inconsistencies in testimony such as those raised by petitioner and decide whether inconsistencies undermine a witness's credibility.  <u>United States v. Hayes</u>, 236 F.3d 891, 896 (7th Cir. 2001) ("[I]t was the province of the jury to determine whether those inconsistencies rendered the testimony incredible").  Because it was within the province of the jury to believe the victim's testimony and disbelieve petitioner's, his claim of insufficient evidence fails and will be dismissed.

Petitioner's fourth claim is that the state failed to disclose the transcript of an interview in which a Portage police department detective tried to "coerce a confession" from him.  However, petitioner does not explain why the state's failure to provide this transcript supports a constitutional claim for habeas relief.  For example, he does not say that the transcript would reveal exculpatory evidence or otherwise undermine his conviction.  Petitioner does not suggest that he actually confessed or that the state attempted to use statements he made during the interview against him at trial.  Thus, petitioner's fourth claim does not implicate any constitutional claim for relief.  <u>Strickler v. Greene</u>, 527 U.S. 263, 280 (1999) (government's failure to disclose evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different").  Therefore, this claim will be dismissed.

This leaves petitioner's last claim, which he labeled as "ground two" in support of

9

his postconviction claim, in which he raises various arguments about how his trial and appellate counsel were ineffective. Petitioner's arguments regarding ineffective assistance of counsel are the only arguments in his petition implicating potentially meritorious constitutional claims that could support habeas relief. Strickland v. Washington, 466 U.S. 668 (1984). However, his arguments regarding ineffective assistance of counsel are completely undeveloped. He says that trial counsel was ineffective by failing to investigate, call witnesses, find an expert witness and cross-examine the prosecution's witnesses effectively. He also says that trial counsel operated under a conflict of interest. However, petitioner provides no details to support his various arguments. He does not say what a more thorough investigation would have revealed, does not identify the corroborating witnesses or what testimony they would have provided and does not say what testimony an expert would have provided. Without more information, I cannot determine whether petitioner has any plausible claims of ineffective assistance that would support a decision to stay this case while he exhausts his claims in state court.

Therefore, I will give petitioner one opportunity to supplement his petition to provide more information about his claims of ineffective assistance of trial and appellate counsel. In particular, petitioner should clearly identify the specific ways in which he believes trial and appellate counsel were deficient in their representation and how he was prejudiced as a result. Petitioner should provide as much detail as possible to support his claims. After I review petitioner's supplement, I will determine whether the petition should be stayed under Rhines v. Weber, 544 U.S. 269 (2005).

### C. Motion for Assistance in Recruiting Counsel

Finally, petitioner has filed a motion for assistance in recruiting counsel, stating that he is indigent and cannot afford an attorney. He also states that his out-of-state incarceration has severely limited his ability to research his claims, as he has no access to Wisconsin law and finds it difficult to use the technology in the prison. Petitioner also says that he suffers from health problems that limit his ability to litigate this potentially complex case.

In the context of a petition under § 2254, a federal court may appoint counsel for a financially eligible petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(g); Johnson v. Chandler, 487 F.3d 1037, 1038 (7th Cir. 2007). When ruling on requests for counsel, courts must consider the complexity of the case and the litigant's abilities. Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007). In this instance, it would be premature to recruit counsel for petitioner. Petitioner has not yet identified any potentially meritorious constitutional claims that would support habeas relief. Even if he had, he has not yet exhausted his claims in state court. Thus, assuming petitioner can identify a constitutional claim, it could be more than a year before petitioner's federal habeas claims would be ripe for review. Therefore, I will deny petitioner's request for assistance in recruiting counsel without prejudice. He may renew his request for counsel if this case progresses further.

ORDER

IT IS ORDERED that

1. Petitioner Stanley J. Maday, Jr. has until October 24, 2018 to supplement the ineffective assistance of counsel claims raised in his petition.

2. Grounds One (actual innocence), Three (newly discovered evidence), Four (insufficient evidence) and Five (state's failure to disclose evidence) of the petition (dkt. #1), as construed in this order, are DISMISSED WITH PREJUDICE for failure to state a constitutional claim. Petitioner's claim of ineffective assistance of trial counsel based on counsel's failure to object to the social worker's testimony is also DISMISSED WITH PREJUDICE. Petitioner may pursue his claim of ineffective assistance of counsel as to other claims.

3. Petitioner's motion for assistance in recruiting counsel, dkt. #6, is DENIED without prejudice.

Entered this 3d day of October, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge