IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

OPINION AND ORDER

Petitioner,

18-cv-596-bbc

v.

SECRETARY CATHY A. JESS,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Stanley J. Maday, Jr. has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a judgment of conviction entered on January 15, 2013, by the Circuit Court for Columbia County, Wisconsin, on three counts of first degree sexual assault of a child in Case No. 2011CF442. On October 24, 2018, I reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases. Dkt. #8. I explained that petitioner could not obtain relief on his exhausted claim that his trial counsel was ineffective for failing to object to testimony that the Wisconsin Court of Appeals had concluded was admissible under state law. Id. at 5-6.

As for petitioner's additional five claims, I explained that several of the claims did not raise constitutional questions that would provide a basis for federal habeas relief. However, petitioner's claim of ineffective assistance of counsel presented a potential constitutional claim that could be reviewed by this court. Because his ineffective assistance of counsel claim was undeveloped, I gave petitioner an opportunity to supplement his petition to provide more information about that claim.

Petitioner has now responded by filing several supplements to his petition, clarifying the basis for his ineffective assistance of counsel claims and challenging the dismissal of his other claims. Dkt. ##11, 12, 13, 14, 15, 16. After reviewing petitioner's numerous filings, I am not persuaded that the claims I dismissed previously provide any basis for habeas relief. However, petitioner's claims that trial and appellate counsel were ineffective raise constitutional questions of potential merit. Additionally, petitioner has shown good cause for his failure to exhaust these claims earlier. Because petitioner has little time left on his habeas clock, I will grant his request to stay his petition and hold it in abeyance while he attempts to exhaust his claims in state court.

OPINION

As an initial matter, petitioner filed several motions for reconsideration of my previous decision dismissing some of the claims he included in his original petition. In particular, petitioner challenges the dismissal of his claims that (1) trial counsel was ineffective for failing to object a social worker's testimony regarding the credibility of the victim; (2) he has "newly discovered evidence" regarding how memories are encoded; and (3) the state failed to disclose evidence. Dkt. ##11, 14, 15. However, petitioner's motions do not raise any new arguments that I did not consider previously.

For the reasons explained already, petitioner's claim regarding the social worker's testimony was resolved by the Wisconsin Supreme Court on state law grounds. State v. Maday, 2017 WI 28, ¶ 51, 374 Wis. 2d 164, 193, 892 N.W.2d 611, 625. Because the

Wisconsin Supreme Court concluded that the social worker's testimony was properly admitted under state law, petitioner cannot succeed on a federal claim that his counsel's failure to object to the testimony constituted ineffective assistance on his part. Hough v. Anderson, 272 F.3d 878, 898 (7th Cir. 2001) ("[Failing to object to admissible evidence cannot be a professionally 'unreasonable' action, nor can it prejudice the defendant against whom the evidence was admitted.").

Petitioner's claim that he has newly discovered evidence regarding memory also does not present a claim that would warrant habeas relief. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Tabb v. Christianson, 855 F.3d 757, 764 (7th Cir. 2017). See also Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003) ("For claims based on newly discovered evidence to state a ground for federal habeas relief, they must relate to a constitutional violation independent of any claim of innocence."). Petitioner has not connected the "new" evidence regarding memory coding to any constitutional violation that occurred during his trial. Therefore, this claim cannot provide a basis for habeas relief.

Finally, petitioner's claim that the state failed to disclose that a detective tried to get petitioner to confess and referred to the victim as an "intelligent and very bright child" does not provide a basis for relief. Petitioner suggests that the detective's statements were relevant to petitioner's and the victim's credibility, but these isolated

statements from a detective are not enough to undermine the outcome of the trial. Strickler v. Greene, 527 U.S. 263, 280 (1999) (government's failure to disclose evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different"). For these reasons, petitioner has not shown that his claims regarding the social worker's testimony, new evidence or undisclosed evidence could provide a basis for habeas relief.

On the other hand, petitioner's supplement to his petition explaining in detail the basis for his claims that his trial and appellate counsel were ineffective is more persuasive. Dkt. #12. Petitioner identifies several ways in which his trial counsel provided defective performance, including that counsel (1) failed to present alibi evidence; (2) failed to object to irrelevant and prejudicial testimony; (3) failed to present evidence regarding petitioner's medical conditions; (4) failed to present cell phone, email and Facebook records showing the victim's and victim's mother's communications with petitioner; (5) failed to impeach the victim's and victim's mother's testimony; (6) failed to impeach the detective's testimony; (7) failed to call an expert witness; (8) failed to challenge the qualifications of the expert witness called by the state and the reliability of her testimony; (9) failed to prepare petitioner for trial; and (10) failed to object to improper closing argument. Id. Petitioner also argues that appellate counsel was ineffective for failing to challenge trial counsel's performance on appeal.

Although petitioner's ineffective assistance of counsel claims raise constitutional claims that appear to have potential merit, petitioner did not raise the majority of his

claims until he filed his motion for collateral relief under Wis. Stat. § 974.06, which is still pending in the state circuit court. State v. Maday, 2011CF442 (Columbia County Cir. Ct.). Ordinarily, when a petitioner files a federal habeas petition that includes claims he is currently litigating in state court, this court would dismiss the petition and instruct the petitioner to refile once his claims are exhausted. As explained in my previous order, however, petitioner would be at risk of filing a late petition if I dismissed his petition now. Additionally, his out-of-state incarceration has hampered his ability to exhaust his claims earlier. Therefore, I will stay his petition under Rhines v. Weber, 544 U.S. 269 (2005), while petitioner exhausts his claims in state court.

I offer some additional comments for petitioner's benefit: First, the status of petitioner's § 974.06 motion is unclear. My review of Wisconsin's online court records indicates that petitioner has filed several briefs in support of his motion, but that the state circuit court has not taken any action on his motion. If this is accurate, petitioner should write to the circuit court to insure that his motion will be heard. If the circuit court has denied the motion already or is declining to address it, petitioner should consider whether he needs to seek review from the Wisconsin Court of Appeals. Before this court can review petitioner's claims, petitioner must present his claims to the circuit court, court of appeals and Wisconsin Supreme Court for review.

Second, Wisconsin courts distinguish claims challenging the effectiveness of post-conviction counsel from those challenging the effectiveness of appellate counsel. Wis. Stat. § 974.06; State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.

2d 136 (Ct. App. 1996) (describing procedure for challenging effectiveness of post-conviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel).  Petitioner should review these cases to make sure that he follows the appropriate procedures for exhausting his claims.

Finally, this court will not tread water with petitioner's federal habeas petition indefinitely.  Rhines, 544 U.S. at 277.  I am granting the requested stay on the condition that, after petitioner has completely exhausted his state court remedies, he then has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay.  If petitioner fails to meet this condition, then this court may vacate the stay as of the date the stay was entered and the petition may be dismissed.


ORDER

IT IS ORDERED that

1.  Petitioner Stanley J. Maday, Jr.'s motions for reconsideration, dkt. ##11, 14, 15, are DENIED.

2.  Petitioner's motion to supplement his petition, dkt. #12, and his motion to stay, dkt. #16, are GRANTED.

3.  The instant petition is STAYED pending exhaustion of petitioner's state remedies with the following conditions: after completely exhausting his state court remedies, petitioner has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay.  If petitioner fails to meet this

condition, then the stay may be vacated as of the date of this order and the petition may be dismissed.

4. The clerk of court is directed to close this case, subject to re-opening by petitioner upon filing of his motion to lift the stay.

Entered this 14th day of February, 2019.


BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge