IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

                                                  ORDER

                Petitioner,

                                                  18-cv-596-bbc

     v.

SECRETARY CATHY A. JESS,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Petitioner Stanley J. Maday, Jr. filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a judgment of conviction entered against him on January 15, 2013, by the Circuit Court for Columbia County, Wisconsin, on three counts of first degree sexual assault of a child in Case No. 2011CF442. On February 14, 2019, I granted petitioner's request to stay his petition and hold it in abeyance while he attempted to exhaust his claims in state court. Dkt. #17. Now petitioner has filed a motion requesting that this case be reopened because he has exhausted his claims. Dkt. #22. I will grant the motion. I will also grant petitioner's motion to amend the caption to identify Kevin Carr, the current Secretary of the Wisconsin Department of Corrections, as the appropriate respondent, dkt. #23, and petitioner's motion to amend and clarify his habeas petition in light of the state court's decision. Dkt. #24.

       Petitioner also filed a motion for assistance in recruiting counsel. Dkt. #25. Petitioner says he needs counsel because he cannot afford to pay for counsel on his own,

1

his claims are complex, he has no legal training and he has no access to case law or other legal resources where he is incarcerated (in South Dakota).

A habeas petition is "not part of the original criminal proceeding; it is an independent civil suit," so a habeas petitioner does not have a constitutional right to counsel. Rauter v. United States, 871 F.2d 693, 695 (7th Cir. 1989). However, a district court may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). When deciding to appoint counsel in habeas cases, a district court considers three factors: (1) whether the petitioner could obtain justice without an attorney, in light of the complexity of the case and the petitioner's ability; (2) whether the petitioner could not obtain a lawyer on his own; and (3) whether the petitioner would have a reasonable chance of winning with a lawyer's assistance. Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997).

In this instance, petitioner has shown that he cannot obtain a lawyer on his own. However, I am not persuaded that he needs the assistance of counsel to litigate this case. Although petitioner is concerned about his lack of legal training and inadequate legal materials, these circumstances apply to most of the pro se litigants that file lawsuits in this court. Many pro se litigants have limited education and few legal resources. This court will apply the proper legal standards to petitioner's habeas claims even if petitioner is unable to identify them himself. In addition, although petitioner is particularly worried about not having access to any Wisconsin law, his federal habeas claims will not

be determined by Wisconsin law.  At this stage, I have seen no evidence suggesting that petitioner is more limited in his ability to present his habeas claims than the typical pro se litigant. Petitioner's filings in this case so far have been legible and coherent.

Petitioner also says that his case is complex, but this case is not complex when compared to many of the cases brought by pro se litigants and other habeas petitioners. Petitioner can rely on the state court records that the state will submit. In addition, it is not likely that will be any discovery, any hearing or any trial in a habeas case. If there is a need for an evidentiary hearing in a habeas case, it is likely that the court will recruit counsel at that time.

For these reasons, I will deny petitioner's request for appointment of counsel without prejudice.  If later developments in the case show that petitioner is unable to represent himself, he is free to renew his motion for appointment of counsel at that time.

ORDER

IT IS ORDERED that

1.  Petitioner Stanley J. Maday, Jr.'s motion to reopen this case, dkt. #22, motion to correct the record, dkt. #23, and motion to amend his petition, dkt. #24, are GRANTED.

2. Petitioner may have until November 23, 2021 to file an amended petition. After he does so, the court will review the petition under Rule 4 of the Rules Governing Section 2254 Cases.

3. Petitioner's motion for assistance in recruiting counsel, dkt. #25, is DENIED.

Entered this 2d day of November, 2021.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge