IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

                                  OPINION AND ORDER

                Petitioner,

                              18-cv-596-bbc

       v.

SECRETARY CATHY A. JESS,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Stanley J. Maday, Jr. filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2013 judgment of conviction entered against him by the Circuit Court for Columbia County, Wisconsin, on three counts of first degree sexual assault of a child in Case No. 2011CF442. This case was held in abeyance for several months while petitioner attempted to exhaust his claims in state court. The case now has been reopened, and petitioner has filed an amended habeas petition that is ready for preliminary review under Rule 4 of the Rules Governing Section 2254 cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." As explained below, I am dismissing the petition because petitioner's claims are either barred by the doctrine of procedural default or they lack merit.

BACKGROUND

Petitioner was convicted of three counts of first-degree sexual assault of a child in 2013.  With the assistance of postconviction counsel, he filed a postconviction motion and direct appeal under Wis. Stat. § 809.30.  Petitioner raised three claims in his motion and appeal:  (1) a social worker who testified at trial improperly vouched for the victim's credibility, in violation of State v. Hazeltine, 120 Wis. 2d 92, 352 N.W.2d 673 (1984); (2) the circuit court improperly admitted irrelevant and prejudicial evidence regarding petitioner's training in weapons and use of force; and (3) petitioner's trial counsel was ineffective for failing to adequately object to the social worker's testimony and the weapons-training evidence.

The Wisconsin Court of Appeals reversed petitioner's conviction, concluding that his trial counsel was ineffective for failing to object to the social worker's testimony, which violated state law.  State v. Maday, 2015 WL 6509465, 365 Wis. 2d 608, 871 N.W.2d 867.  But the Wisconsin Supreme Court reversed the court of appeals' decision and affirmed the conviction.  The court concluded that the social worker's testimony was admissible under state law, so trial counsel was not ineffective by failing to object to it. The court also concluded that counsel was not ineffective for failing to withdraw the objection to petitioner's firearms training.  State v. Maday, 2017 WI 28, 374 Wis. 2d 164, 892 N.W.2d 611.

Between May 2018 and June 2019, petitioner filed a postconviction motion under Wis. Stat. § 974.06 and a series of amended and supplemental motions, letters, affidavits

and briefs in state court. Petitioner argued that his trial counsel was ineffective because he had a conflict of interest, he did not call petitioner's ex-wife as a witness, he failed to obtain evidence including cell phone records and medical records, he did not call expert witnesses on various subjects, he did not adequately prepare petitioner for trial, he failed to move for a directed verdict based on the insufficiency of the evidence, and he failed to object to or impeach the social worker's testimony. Petitioner also raised new arguments that were not based on ineffective assistance of counsel, including arguments that the Wisconsin Supreme Court's decision on his direct appeal constituted an ex post facto law. Because petitioner had not raised these arguments in his first appeal, Wisconsin's procedural rules required him to show sufficient reason for failing to raise the arguments earlier. Wis. Stat. § 974.06(4); State v. Escalona-Naranjo, 185 Wis. 2d 168, 181-84, 517 N.W.2d 157 (1994). Petitioner argued that the state court should consider the arguments because his postconviction counsel was constitutionally ineffective in failing to include the arguments in his initial motion.

The court of appeals rejected petitioner's argument and concluded that petitioner did not receive ineffective assistance from his postconviction counsel, so his new arguments were barred because he had not raised them in his first postconviction motion or direct appeal. State v. Maday, 2021 WI App 14, ¶ 1, 396 Wis. 2d 194, 956 N.W.2d 464. The court of appeals also addressed petitioner's arguments that were not based on ineffective assistance of counsel, and concluded that they lacked merit. The Wisconsin Supreme Court denied petitioner's request for review.

3

Petitioner then moved to reopen his federal habeas case, which had been stayed so that he could exhaust his arguments in state court.  He says that he wants to proceed on all of the ineffective assistance of trial counsel arguments that he included in his initial petition, as well as additional arguments that he included in supplements to his petition, dkts. ##30-32.

OPINION

Petitioner's claims fall into three categories: (1) his trial counsel was ineffective for various reasons and postconviction counsel was ineffective for failing to challenge trial counsel; (2) the Wisconsin Supreme Court's decision on his direct appeal subjected him to an ex post facto law; and (3) the trial court abused its discretion by making various rulings in the state's favor.  This court may grant habeas relief on the grounds identified by petitioner only if he demonstrates that he is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In deciding whether petitioner has made this showing, this court looks to "the last reasoned state-court decision" that addressed his claims.  Dassey v. Dittmann, 877 F.3d 297, 302 (7th Cir. 2017).  In this case, that decision is the Wisconsin Court of Appeals' January 2021 decision.  Maday, 2021 WI App 14.

If the state appellate court rejected petitioner's claims on the merits, this court's review is subject to the deferential standard of review under 28 U.S.C. § 2254(d).  Under § 2254(d)(1), petitioner must show that the state court's decision was "contrary to, or

4

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." Alternatively, petitioner can obtain relief if he shows that the state court's adjudication of his claim on the merits was based upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). But again, the federal court owes deference to the state court. The underlying state court findings of fact are presumed correct unless the petitioner comes forward clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); Campbell v. Smith, 770 F.3d 540, 546 (7th Cir. 2014).

If the state appellate court rejected the petitioner's claim on a state law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed. Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014) (citations omitted). In addition, if the state court rejected a claim because the petitioner did not meet state procedural requirements, the claim is procedurally defaulted and cannot be considered by this court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time – as state rules define those courts, ways, and times."). A petitioner may overcome a procedural default only by showing: (1) cause for the default and actual prejudice; or (2) that failure to consider the claims will result in a fundamental miscarriage of justice. Thomas v. Williams, 822 F.3d 378, 384 (7th Cir. 2016) (quoting Coleman, 501 U.S. at 750).

5

I address each category of petitioner's claims below.

## A.   Ineffective Assistance of Counsel Claims

Petitioner contends that his trial counsel was ineffective in the following ways:

- Failing to present alibi evidence in the form of time sheets showing that petitioner was at work when one of the assaults was supposed to have occurred;

- Failing to present evidence of petitioner's addiction to online games;

- Failing to object to irrelevant and prejudicial testimony regarding petitioner's training in weapons and use of force;

- Failing to present evidence, including medical records and testimony from an expert and his ex-wife, regarding petitioner's erectile dysfunction and lack of libido;

- Failing to present cell phone, email and Facebook records showing that the victim and the victim's mother's communicated directly with petitioner on a number of occasions;

- Failing to impeach the victim's and the victim's mother's testimony, including with evidence that petitioner had a relationship with the victim's mother, that the victim's mother lied to obtain a college degree and that the victim asked petitioner if she could sleep at his house;

- Failing to impeach a detective's testimony regarding the thoroughness of his investigation;

- Failing to call expert witnesses on various subjects;

- Failing to challenge the qualifications of the social worker who testified at trial, as well as the reliability of her testimony about the interview she conducted of the victim;

- Failing to prepare petitioner for trial;

●     Failing to object to prosecutor's vouching for the credibility of witnesses during closing statements; and

●     Failing to disclose to petitioner that counsel had a conflict of interest, namely, that counsel was a victim of child abuse.

The Wisconsin Court of Appeals did not decide the merits of petitioner's ineffective assistance of trial counsel claims because it concluded that all of the above claims were procedurally defaulted. Petitioner had failed to raise them in his initial postconviction motion or on direct appeal as required by Wis. Stat. § 974.06(4) and Escalona- Naranjo, 185 Wis. 2d at 185, and he did not provide sufficient reason why he did not do so. The state appellate court clearly and expressly relied on procedural default as the basis of its ruling, and the procedural basis was an adequate and independent ground for its decision. Perry v. McCaughtry, 308 F.3d 682, 690 (7th Cir. 2002). The Court of Appeals for the Seventh Circuit has long recognized that the requirement of § 974.06(4) and Escalona-Naranjo is an adequate and independent state procedural ground precluding federal habeas review. Id. at 690-92; Howlett v. Richardson, 729 Fed. App'x 461, 465 (7th Cir. 2018).

Because the state appellate court's decision was based on a state procedural rule that is independent of petitioner's constitutional claims, this court cannot address the merits of petitioner's claims of ineffective assistance of trial counsel unless petitioner can overcome his procedural default by showing cause and prejudice or a fundamental miscarriage of justice. Thomas, 822 F.3d at 386. Petitioner argues that his postconviction counsel's failure to include all of the ineffective assistance of trial claims in

7

his initial postconviction motion constitutes cause and actual prejudice for the default. However, the Wisconsin Court of Appeals addressed this argument as well, albeit in the context of considering petitioner's procedural default under state law.

The state appellate court acknowledged that a postconviction counsel's ineffectiveness could, in some circumstances, constitute a sufficient reason for an additional postconviction motion. However, it concluded that petitioner had failed to make the case of postconviction counsel's ineffectiveness under the constitutional standard in Strickland v. Washington, 466 U.S. 668 (1984). Maday, 2021 WI App 14, ¶¶ 1, 2 (citing State v. Romero-Georgana, 2014 WI 83, ¶¶ 35, 37, 360 Wis. 2d 522, 849 N.W.2d 668, 672 ("In some instances, ineffective assistance of postconviction counsel may be a sufficient reason for failing to raise an available claim in an earlier motion or on direct appeal."). In assessing whether petitioner's postconviction counsel had been ineffective, the state appellate court applied the well-established standard from Strickland and its progeny.

To prevail under the Strickland standard, a petitioner must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. Williams v. Taylor, 529 U.S. 362, 390-91 (2000). To demonstrate deficient performance, the petitioner must show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. To demonstrate actual prejudice requires a petitioner to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

8

would have been different." Id. at 694. When the Strickland standard is applied to the performance of postconviction counsel, the question is whether postconviction counsel failed to raise a claim that was clearly stronger than those actually presented to the appellate court. Minnick v. Winkleski, 15 F.4th 460, 471 (7th Cir. 2021) (citing Davila v. Davis, 137 S. Ct. 2058, 2067 (2017) ("Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court.")).

The state appellate court concluded that none of the ineffective assistance of trial counsel claims that petitioner raised in his § 974.06 motion were "clearly stronger" than the claims that petitioner's postconviction counsel raised in his initial postconviction motion. Maday, 2021 WL 279111, ¶¶ 13-21. In doing so, the court correctly recognized that postconviction counsel was not required to raise on direct review every nonfrivolous issue the defendant requested. Jones v. Barnes, 463 U.S. 745, 751 (1983). Counsel was free to strategically select the strongest from among all the nonfrivolous claims available in order to maximize the likelihood of success. Smith v. Robbins, 528 U.S. 259, 288 (2000). The state appellate court also recognized that petitioner's postconviction counsel did not raise frivolous claims in his initial postconviction motion and appeal, and that one of the claims that postconviction counsel raised had had some success in the state appellate court. The court reviewed petitioner's arguments and concluded that petitioner's new ineffective assistance of counsel claims were weak: he had failed to show that his trial counsel had a conflict of interest; failed to show that the additional evidence

he identified would have been relevant or effective to his defense; and failed to develop many of his arguments.  The court's analysis is thorough, persuasive, and a reasonable application of <u>Strickland</u>.  The court did not incorrectly deny petitioner relief from his procedural default and did not incorrectly reject his ineffective assistance of counsel claims.


### B.  <u>Ex Post Facto Claim</u>

Petitioner contends that the Wisconsin Supreme Court's decision on his direct appeal amounted to an ex post facto law that changed the rules of evidence necessary to convict him.  <u>Peugh v. United States</u>, 569 U.S. 530, 538 (2013) (one type of ex post facto law is "law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender").  Petitioner contends the Wisconsin Supreme Court's decision permits a social worker to testify about the truthfulness of the victim, whereas social workers previously were not permitted to do so.

The Wisconsin Court of Appeals reasonably rejected this claim as unpersuasive and undeveloped.  <u>Maday</u>, 2012 WI App 14, ¶ 24.  The Wisconsin Supreme Court's decision on petitioner's direct appeal did not reduce the amount or type of evidence necessary to convict petitioner.  <u>Cf</u>. <u>Carmell v. Texas</u>, 529 U.S. 513, 552 (2000) (amendment to Texas statute authorizing conviction of certain sexual offenses on victim's testimony alone, where conviction was not previously permitted, was ex post facto law

that altered the legal rules of evidence and required less evidence to obtain conviction). The Wisconsin Supreme Court did not even change state law or evidentiary rules. Rather, the Court concluded only that the social worker's testimony was admissible under existing state law.  <u>Maday</u>, 2017 WI 28, ¶ 3.  That decision was not an ex post facto violation, and it did not conflict with federal constitutional law.

## C.  <u>Trial Court Abuse of Discretion</u>

Petitioner contends that the state circuit court issued unfair pretrial rulings in favor of the state, such as extensions of the state's filing and disclosure deadlines.  But petitioner's objection to the trial court's discretionary decisions cannot provide a basis for federal habeas relief.  Such decisions are based on state procedural rules and the trial court's discretion, and a federal habeas court cannot correct errors of state law.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); <u>Arnold v. Dittmann</u>, 901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not cognizable on habeas review.").

## D.  <u>Certificate of Appealability</u>

For the reasons discussed above, it plainly appears from the petition and attached exhibits that the petitioner is not entitled to habeas relief.  Therefore, I will dismiss the

petition without requesting a response from the state.  The only remaining question is whether to grant petitioner a certificate of appealability.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004).  This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows me to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case.  Petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court.  Because reasonable jurists would not debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that

1.  Petitioner Stanley J. Maday, Jr.'s motions to supplement his habeas petition, Dkt. #30, Dkt. #31, and Dkt. #32, are GRANTED.

2.  Petitioner's petition for habeas corpus under 28 U.S.C. § 2254 is DENIED for his failure to show that he is in custody in violation of Constitution or laws or treaties of the United States.

3.  Petitioner is DENIED a certificate of appealability.


Entered this 2d day of February, 2022.


BY THE COURT:
/s/
_____

BARBARA B. CRABB
District Judge

13