IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STANLEY J. MADAY, JR.,

                                                                  ORDER

                Petitioner,

                                                  18-cv-596-bbc

      v.

KEVIN A. CARR,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Stanley J. Maday, Jr. seeks reconsideration of a previous decision dismissing his a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dkt. #45. Petitioner had challenged a 2013 judgment of conviction for three counts of first degree sexual assault of a child, entered in the Circuit Court for Columbia County, Wisconsin. I dismissed the petition because petitioner's claims were either barred by the doctrine of procedural default or they lacked merit. Petitioner asks that the court reconsider the dismissal for a number of reasons.

      First, he argues that I erred by relying on State v. Escalona-Naranjo, 185 Wis. 2d 168, 181-84, 517 N.W.2d 157 (1994) to conclude that some of his claims were barred by the doctrine of procedural default. He argues that the Wisconsin Court of Appeals relied on State v. Romero-Georgana, 2014 WI 83, ¶¶ 35, 37, 360 Wis. 2d 522, 849 N.W.2d 668, 672, not Escalona-Naranjo, so this court should have evaluated only whether petitioner's claims were barred under Romero-Georgana.

1

This argument fails. As I explained in the previous decision, both Escalona-Naranjo and Romero-Georgana address Wisconsin's procedural default rules. Under Escalona-Naranjo, a petitioner cannot raise an argument in a postconviction motion that he failed to raise in an earlier postconviction motion or on direct appeal, unless the petition shows sufficient reason for failing to raise the arguments earlier. Escalona-Naranjo, 185 Wis. 2d 168, 181-84; Wis. Stat. § 974.06(4). Romero-Georgana, 2014 WI 83, ¶¶ 35, states that ineffective assistance of postconviction counsel may be a "sufficient reason" for failing to raise an available claim in an earlier motion or on direct appeal. In other words, Romero-Georgana provides petitioners a way to avoid the procedural default described by Escalona-Naranjo. The Wisconsin Court of Appeals applied the rules from these cases to conclude that petitioner's ineffective assistance of trial counsel claims were procedurally defaulted, because he had failed to raise them on direct appeal and failed to show that his appellate counsel was ineffective for failing to do so. I explained in the previous decision that the appellate court's conclusions were a reasonable application of the constitutional standard from Strickland v. Washington, 466 U.S. 668 (1984). Petitioner has not shown that these conclusions were erroneous.

Second, petitioner argues that his procedural default should have been excused because he lacked legal resources. But a petitioner's pro se status, lack of legal knowledge, lack of education, and lack of resources do not qualify as adequate grounds to excuse a procedural default. Harris v. McAdory, 334 F.3d 665, 668 (7th Cir. 2003); Dellinger v. Bowen, 301 F.3d 758, 763 (7th Cir. 2002).

Petitioner's remaining arguments are versions of arguments he made previously, including that the state appellate court misapplied <u>Strickland</u>, that the Wisconsin Supreme Court subjected him to an ex post facto law and that his trial counsel was ineffective for various reasons. I considered and rejected these arguments already, and petitioner's arguments do not alter my previous conclusion that they lack merit. Accordingly, I will deny his motion for reconsideration. I will not grant petitioner a certificate of appealability from this order. 28 U.S.C. § 2253(c)(2) (certificate of appealability will not issue unless petitioner makes "a substantial showing of the denial of a constitutional right").

ORDER

IT IS ORDERED that

1. Petitioner Stanley J. Maday, Jr.'s motion for reconsideration, dkt. #45, is DENIED.

2. Petitioner is DENIED a certificate of appealability.

Entered this 14th day of April, 2022.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge

3